Makvin, J.
The action of the court of common pleas complained of in this case is, that, having on the 7th day of August, 1899, rendered a judgment, by default in favor of the plaintiff in error and against the defendant in error, it entered an order upon motion of the defendant in error, on the 23rd day of September, vacating and setting aside said former judgment, The last order was made during the same term of court in which the original judgment was rendered. The motion upon which the court acted in setting aside the judgment was filed on the 1st day of September, 1899. The grounds upon which the motion was based, as stated in the affidavits filed with and as a part of the motion were,that the affiant E. J. Foster is one of the attorneys for the defendant in the case; that the reason answer was not filed was that he was absent from the county at the time for answer and that there is a good and perfect defense to the action as he verily believes.
On the part of the plaintiff in error it is contended that the authority of the court to vacate or set aside its orders, is entirely regulated by statute in Ohio, and that the sections applicable to the subject were not complied with by the party making the motion.
Revised Statutes, section 5305, reads:
‘ (For what a new trial may he granted.) A new trial is a re examination, in the same court, of an issue of fact, after a verdict by a jury, a repor of a referee or master, or a decision by the court; and the former verdict, report, or decision, shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the follow *238 ing causes affecting materially the substantial rights of such party.
“1. Irregularity in the proceedings of the court, jury, referee, master,or prevailing party, or any order of the court or referee, or abuse of discretion, by which the party was prevented from having a fair trial.
“2. Misconduct of the jury or prevailing party.
,‘‘3, Accident or surprise, which ordinary prudence could not have guarded against.
“4. Excessive damages, appearing to have been given under the influence of passion or prejudice.
“5. Error in the assignment of the amount of recovery, whether too large or too small, when the action is upon a contract, or for the injury or detention of property.
“6. That the verdict, report, or decision is not sustained by sufficient evidence, or is contrary to law.
‘‘7, Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered,- and produced at the trial.
”8. Error of law occurring at the trial, and excepted to by the party making the application.”
It is manifest that the motion to set aside the judgment was not based upon any of the grounds mentioned in this section as a ground for granting a new trial. And even if it were based upon any one of these grounds, other than newly discovered evidence, the motion was not filed within the time provided in Revised Statutes, section 5307, which reads:
‘‘The application for a new'trial must be made at the -term the verdict, report or decision is rendered; and, except for the cause of newly discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial, shall be made within three days after the verdict or decision is rendered, unless such party is unavoidably prevented from filing the same within such time.”
It is said on the part of the plaintiff in error, however, that, as provision is made by Revised Statutes, section 5354 for the vacation of a judgment after the term at which it was rendered, that it was probable that the provisions of this section are applicable in a case where the party seeking to *239 have the judgment set aside, did not file his motion within the three days provided in section 5307, and counsel cites upon this question, the case of the Smead Foundry Company, v. Chesbrough, 18 Circuit Court Reports, 783. In the opinion of Judge Haynes in this case, on page 785, commenting upon these sections, this language is used:
“It will be seen * * * that unless some reason exists for the filing of a motion for a new trial in the court of common pleas under the first section (5305) within three days, there may intervene considerable time between that time and the close of the term of court, in which there would be no provision made, so far as the language appears upon the face of the statute, for the setting aside of a judgment. We are inclined to the opinion, however, that where an application is made after the three days, that section 5354 ought to be permitted to apply and govern,”
On this subject it is sufficient, in this case, to say that no attempt was made to comply with either of the sections of the statutes referred to. If sections 5305 and 5307 are relied upon, the motion was not made within the prescribed time.
If section 5354 is relied upon, then the application should have been made by petition, as provided in Revised Statutes, section 5309, and this application was not by petition.
This brings us to the question whether, independent of the statutes, the court is authorized to set aside a judgment rendered upon default, within the same term in which such judgment was rendered.
Section 305, 1st Black on Judgments, first paragraph, reads:
“It is universally held that judgments are under the plenary control of the court which pronounces them during ibe entire term at which they are rendered or entered of record, and they may, during such term, be set aside, vacated, modified or annulled by the court, for cause shown.”
1st Freeman on Judgments, part of section 90, reads:
“The practice in the different states is, in many respects, so conflicting ihat few rules can be laid down as universally applicable. One rule is, however, undoubted. It is that the power of a court over its judgments during the entire term at which they are rendered, is unlimited.”
*240 Volume 15 of Encyclopaedia of Pleading and Practice, 205, reads:
“Á court has full control over its orders or judgments during the term at which they are made, and may upon sufficient cause shown, in the exercise of its sound discretion, amend, correct, revise, supplement, or vacate such judgments, This doctrine finds support in an unbroken line of decisions of the state courts and the United States and English courts, and it would seem that in Minnesota alone has the power been questioned; and in that state, in view of the doubts expressed, a statute has been enacted expressly declaring that the courts shall have such power, ”
Again, on page 208 of the same work, this language is used:
“The power of the court to correct or amend is not confined merely to clerical errors or omissions, but the court may, during the terms at which judgment is rendered, correct an erroneous decision made by it in the rendition of the judgment, ”
Broson v. Schulten, 104 U. S., 410, first clause of syllabus:
“During the term when it is rendered or entered of record, a judgment or an order, however conclusive in its character, is under the control of the court pronouncing it, and may then be set aside, vacated or modified. ”
See also Volland v. Wilcox, 17 Nebraska, 46; Foster v. Redfield, 50 Vermont, 285; 60 American State Reports, 638, note and authorities there cited.
In the case of Lee v. The State, 32 Ohio State, 113, our own supreme court uses this language-in the syllabus:
“Where a court, in passing sentence for a misdemeanor, has acted under a misapprehension of the facts necessary and proper to be known in fixing the amount of the penalty, it may, in the exercise of judicial discretion and in furtherance of justice, at the same term, and before the original sentence has gone into operation or any action has been had upon it, revise, and increase or diminish such sentence within the limits authorized by law.”
In the opinion delivered by Judge Johnson in this case, he quotes in support of the proposition above quoted from the syllabus, the following language of Lord Coke:
White, Johnson, McCaslin & Cannon, for Plaintiff in Error.
Foster & Foster, for Defendant in Error.
“During the term wherein any judicial act is done, the record remaineth in the breasts of the judges of the court and in their remembrance, and therefore the roll is alterable during that term, as the judges shall direct; but when that term is past, then the record is in the roll, and admitteth of no alteration, averment, or proof to the contrary.”
Judge Haynes, in the case of the Smead Foundry Co. v. Chesbrough, 18 C. C. 783, supra, uses this language, in the opinion:
“We recognize the fact that the supreme court has decided that at least, under certain circumstances, a court of common pleas has control of the judgments that have been rendered in its court, during the term, while the term lasts and before final adjournment; but it seems to us that that principle of law must be taken with certain modifications and be construed consistently with the statute- which I have read (Revised Statutes,section 5305 and section 5354). It certainly could not be intended by the supreme court to hold or decide that the court of common pleas may, of its own motion, its own free will, set aside during the term, any judgment that may be rendered in that court.”
The words “any judgment”, as used in the foregoing opinion, are doubtless used in the sense of “every judgment” or “all judgments.”
In view of the authorities to which attention has already been called and of other authorities to the same effect, rt can hardly be supposed that the court intended to say that no judgment of the court could be vacated or set aside during the same term by the court of its own motion.
See Niles v. Banks et al., 49 Ohio St., 370.
We hold that the court of common pleas has such control of its judgments and orders, during the term in which they are rendered and made, that it may, in a proper case, independent of the statutes, vacate and set aside a judgment taken on default, in the exercise of its discretion, and in the case before us there was no error in so setting aside the default; and the judgment is affirmed,